IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LESHIA I. ROBINSON-JONES,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

C.A. No. 10-588-LPS-MPT

### MEMORANDUM ORDER

At Wilmington this 26th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment (D.I. 21; D.I. 26), and following review of the Report and Recommendation ("R&R") issued by United States Magistrate Judge Mary Pat Thynge on July 19, 2011 (D.I. 30), the objections by Plaintiff Leshia I. Robinson-Jones to the R&R (D.I. 31), and the response of Defendant Michael J. Astrue, Commissioner of Social Security, to the objections (D.I. 32),

IT IS HEREBY ORDERED that, for the reasons that follow, the objections filed by Plaintiff are OVERRULED.

1.    Plaintiff contends that Magistrate Judge Thynge erred in: (1) finding that the Administrative Law Judge ("ALJ") properly credited the opinion of Dr. Ronald Goodman, Plaintiff's primary care physician; (2) failing to address newer diagnostic testing, reflecting Plaintiff's worsening symptoms; and (3) failing to address evidence which was credible, yet not considered by the ALJ – namely, the opinion of Ms. Brenda Rodriguez, a vocational rehabilitation specialist. (*See* D.I. 31 at 1) Defendant, in turn, offers that Plaintiff fundamentally

1

and impermissibly asks this Court to re-weigh the medical evidence of record, and further submits that the ALJ did not overlook, but rather appropriately considered and addressed, diagnostic testing and vocational evidence. (*See* D.I. 32 at 3-5)

2. When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter and, therefore, the conclusions of the magistrate judge in connection with such a motion are reviewed *de novo*. The Court may accept, reject, or modify the recommendations of the magistrate judge. The Court may also receive further evidence or return the matter to the magistrate judge with instructions for further proceedings.

3. Having undertaken the required *de novo* review, the Court concludes that Magistrate Judge Thynge committed no factual or legal error in reaching her conclusions and in determining that substantial evidence existed to support the ALJ's conclusions.

    a. First, the Court agrees with Magistrate Judge Thynge's determination that the ALJ attributed proper credit to the opinion of Dr. Goodman. As the R&R states:

> Dr. Goodman has been plaintiff's primary treating physician. Over twelve consultations with Dr. Goodman occurred since 2004. Most documented consultations with other doctors showed direct communication with Dr. Goodman as the referring physician. In addition, a residual functional capacity questionnaire ("RFC") was completed by Dr. Goodman on June 26, 2007, wherein he noted that within a normal workday plaintiff could sit and stand for two hours, but required at least a three minute break every thirty minutes. . . .

(D.I. 30 at 7-8; *see also* Tr. at 405-09) Although Dr. Goodman may have treated Plaintiff for several years and been privy to additional medical information, as pointed out by Defendant, "Dr.

2

Goodman's treatment notes were not extensive and consisted primarily of treatment for general medical complaints (Tr. 375-89, 475-85)." (D.I. 32 at 2) As even Plaintiff acknowledges, "Dr. Goodman's office notes do not specifically provide restrictions regarding her ability to work." (D.I. 31 at 3) As appropriately noted by Magistrate Judge Thynge, the ALJ considered Dr. Goodman's opinion, but "stated that he discounted Dr. Goodman's opinion in part because no medical evidence supported the findings." (D.I. 30 at 21) For example, "[n]othing in Dr. Goodman's notes indicated a limitation of two hours sitting and standing per day. While Dr. Goodman was plaintiff's treating physician, the treatment for back and neck pain was referred to specialists Dr. Yalamanchili (neurological) and Dr. Beneck (physical rehabilitation), who never imposed similar limitations." (*Id.* at 20-21; *see also* Tr. at 20 ("[B]ecause the opinion provided by the claimant's treating primary care physician, Ronald Goodman, M.D., found in the record at Exhibit 19F . . . discounts the claimant's exertional abilities to an extent not warranted by the evidence, the undersigned has accorded [it] little weight in determining the claimant's reasonable residual functional capacity."); *id.* at 405-09) The Court finds that the ALJ's decision to accord little weight to the 2007 assessment was reasonable.

    b.  Second, the ALJ did not ignore the diagnostic tests relating to Plaintiff's impairments. Plaintiff contends that the ALJ neglected to consider newer diagnostic tests – MRIs of the cervical spine – conducted in 2006 and 2007. (*See* D.I. 31 at 3) Specifically, an August 2006 MRI "showed a rather large disc herniation that was causing some cord compression at C4-5. (Tr. 439-440)," and a June 2007 MRI "showed a moderate to large size central right paracentral disc herniation at C4-5 slightly enlarged with concurrent to mild compression of the right ventral spinal cord. (Tr. 457)." (*Id.*)

3

As Defendant points out, however, to the extent such later tests "confirmed that [Plaintiff] had impairments of her cervical and lumbar spines, these test results were adequately accounted for in the ALJ's RFC finding." (D.I. 32 at 3) Defendant correctly notes that the ALJ "recognized that Plaintiff had degenerative disc disease of her cervical and lumbar spines," which the ALJ attempted to account for with specific restrictions. (*Id.* at 2-3; *see also, e.g.,* Tr. at 14, 19, 22) While Plaintiff emphasizes the severity of her pain and its impact upon her ability to work, the ALJ acknowledged that Plaintiff experienced some degree of pain and physical and mental limitations as a result of her impairments, and the ALJ imposed restrictions accordingly. (*See* D.I. 32 at 3; Tr. at 19, 22)

c. Finally, Plaintiff contends that the "ALJ committed a legal error in failing to address why the opinion of Ms. Rodriguez was not consider[ed] when assessing the credibility of her pain level and its impact on her ability to sustain employment." (D.I. 31 at 6) However, the ALJ did not neglect to consider appropriate evidence from Ms. Rodriguez – whom the parties agree is a vocational rehabilitation counselor and non-medical source – or the services rendered to Plaintiff by the Division of Vocational Rehabilitation (D.I. 32 at 5). Both the ALJ and the magistrate judge referenced Plaintiff's "continued schooling, vocational rehabilitation, and internship activities" – activities with which Ms. Rodriguez assisted Plaintiff. (*See, e.g.,* Tr. at 20; D.I. 30 at 9-10; D.I. 32 at 5-7)

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's objections are OVERRULED.

2. The Report and Recommendation regarding the cross-motions for summary judgment (D.I. 30) is APPROVED and ADOPTED.

4

3. Defendant's Motion for Summary Judgment (D.I. 26) is GRANTED; and

4. Plaintiff's Motion for Summary Judgment (D.I. 21) is DENIED.

5. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

_____
UNITED STATES DISTRICT JUDGE